UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY GIDARO, individually and on behalf of all others similarly situated, | : : : |
| Plaintiff, | : : |
| v. | : Case No. 07-CV-10273 (LBS) |
| | : |
| MERRILL LYNCH & CO., INC.; STAN O'NEAL; LOU DIMARIA; INVESTMENT COMMITTEE OF THE MERRILL LYNCH SAVINGS AND INVESTMENT PLAN; ADMINISTRATIVE COMMITTEE OF THE MERRILL LYNCH SAVINGS AND INVESTMENT PLAN; and JOHN DOES 1-30, | : : : : : **Document Electronically Filed** : : : : |
| Defendants. | : : |

*[additional captions follow]*

**Plaintiff Gidaro's Memorandum of Law in Opposition to
Competing Motions for Consolidation and Appointment of Lead Counsel
and in Further Support of Her Motion**

Ralph M. Stone
Susan M. Davies
Thomas G. Ciarlone, Jr.
Amanda C. Scuder
SHALOV STONE BONNER & ROCCO LLP
485 Seventh Avenue, Suite 1000
New York, New York 10018
(212) 239-4340

*Attorneys for the Plaintiff
and Proposed Interim Counsel for the Class*

ELIZABETH ESTEY, individually and on
behalf of all others similarly situated,

             Plaintiff,

    v.

MERRILL LYNCH & CO., INC.; MERRILL
LYNCH & CO., INC. PLAN "INVESTMENT
COMMITTEE," MERRILL LYNCH & CO.,
INC. PLAN ADMINISTRATIVE
COMMITTEE, MERRILL LYNCH & CO.,
INC. MANAGEMENT DEVELOPMENT
AND COMPENSATION COMMITTEE,
LOUIS DIMARIA, E. STANLEY O'NEAL,
ALBERTO CRIBIORE, ARMANDO M.
CODINA, VIRGIS W. COLBERT, JOHN D.
FINNEGAN, AULANA L. PETERS and
JOHN DOES 1-10,

             Defendants.

Case No. 07-CV-10268 (DC)

**Document Electronically Filed**

TARA MOORE, individually and on behalf of : 
all others similarly situated, :
:
Plaintiff, :
:
v. :
:
MERRILL LYNCH & CO., INC.; MERRILL : Case No. 07-CV-10398 (DC)
LYNCH & CO., INC. PLAN "INVESTMENT :
COMMITTEE," MERRILL LYNCH & CO., :
INC. PLAN ADMINISTRATIVE :
COMMITTEE, MERRILL LYNCH & CO., :
INC. MANAGEMENT DEVELOPMENT :
AND COMPENSATION COMMITTEE, : **Document Electronically Filed**
LOUIS DIMARIA, E. STANLEY O'NEAL, :
ALBERTO CRIBIORE, ARMANDO M. :
CODINA, VIRGIS W. COLBERT, JOHN D. :
FINNEGAN, AULANA L. PETERS and :
JOHN DOES 1-10, :
:
Defendants. :
:

GREGORY YASHGUR, individually and on behalf of all others similarly situated,         :
                                                                                      :
                                                                                      :
                Plaintiff,                                                            :
                                                                                      :
        v.                                                                            :
                                                                                      :
MERRILL LYNCH & CO., INC.;          : Case No. 07-CV-10569
ADMINISTRATIVE COMMITTEE OF THE     :
MERRILL LYNCH CO., INC. 401K        :
SAVINGS AND INVESTMENT PLAN,        :
JOHN D. FINNEGAN, JUDITH JONAS      :
MAYHEW, AULANA L. PETERS, JOSEPH    :
W. PRUEHER, ANN N. REESE, CHARLES   : **Document Electronically Filed**
O. ROSSITTI, LOUIS DIMARIA, STAN    :
O'NEAL, ALBERTO CRIBRIORE, CAROL    :
T. CHRIST, ARMANDO M. CODINA,       :
VIRGIS W. COLBERT, and JOHN DOES,   :
                                    :
                Defendants.         :
                                    :

CHRISTINE DONLON, individually and on behalf of all others similarly situated,

                    Plaintiff,

        v.

MERRILL LYNCH & CO., INC.; E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, LOUIS DIMARIA, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, JOHN DOES 1-20 (BEING CURRENT AND FORMER MEMBERS OF THE BENEFITS ADMINISTRATION COMMITTEE OF THE MERRILL LYNCH & CO, INC. EMPLOYEE STOCK OWNERSHIP PLAN) and JOHN DOES 21-40 (BEING CURRENT AND FORMER MEMBERS OF THE INVESTMENT COMMITTEE OF THE MERRILL LYNCH & CO., INC EMPLOYEE STOCK OWNERSHIP PLAN),

                    Defendants.

:  Case No. 07-CV-10661

:  **Document Electronically Filed**

CARL ESPOSITO, individually and on behalf   :
of all others similarly situated,   :
  :
           Plaintiff,   :
  :
    v.   :
  :
MERRILL LYNCH & CO., INC.; E.   :   Case No. 07-CV-10687 (JGK)
STANLEY O'NEAL, CAROL T. CHRIST,   :
ARMANDO M. CODINA, VIRGIS W.   :
COLBERT, JILL K. CONWAY, ALBERTO   :
CRIBIORE, JOHN D. FINNEGAN, JUDITH   :
MAYHEW JONAS, DAVID K.   :
NEWBIGGING, AULANA L. PETERS,   :   **Document Electronically Filed**
JOSEPH W. PRUEHER, ANN N. REESE,   :
CHARLES O. ROSSOTTI, LOUIS   :
DIMARIA, PETER STINGI and JOHN AND   :
JANE DOES 1-20,   :
  :
           Defendants.   :
  :

SEAN SHAUGHNESSEY, individually and
on behalf of all others similarly situated,

           Plaintiff,

    v.

MERRILL LYNCH & CO., INC., MERRILL
LYNCH & CO., INC. INVESTMENT
COMMITTEE, MANAGEMENT
DEVELOPMENT AND COMPENSATION
COMMITTEE OF THE MERRILL LYNCH
& CO., INC. BOARD OF DIRECTORS, THE
MERRILL LYNCH TRUST COMPANY,
FSB, ADMINISTRATIVE COMMITTEE OF
THE MERRILL LYNCH & CO., INC. 401K
SAVINGS AND INVESTMENT PLAN,
LOUIS DIMARIA, ARMANDO M.
CODINA, VIRGIS W. COLBERT,
ALBERTO CRIBIORE, JOHN D.
FINNEGAN, AULANA L. PETERS, and
JOHN DOES 1-40,

           Defendants.

        :  Case No. 07-CV-10710

        :  **Document Electronically Filed**

---

BARBARA BOLAND, individually and on    :
behalf of all others similarly situated,    :
    :
        Plaintiff,    :
    :
    v.    :
    :
MERRILL LYNCH & CO., INC.; E.    :  Case No. 07-CV-11054 (MGC)
STANLEY O'NEAL, CAROL T. CHRIST,    :
ARMANDO M. CODINA, VIRGIS W.    :
COLBERT, JILL K. CONWAY, ALBERTO    :
CRIBIORE, JOHN D. FINNEGAN, JUDITH    :
MAYHEW JONAS, DAVID K.    :
NEWBIGGING, AULANA L. PETERS,    :
JOSEPH W. PRUEHER, ANN N. REESE,    :
CHARLES O. ROSSOTTI, and JOHN AND    :  **Document Electronically Filed**
JANE DOES 1-20,    :
    :
        Defendants.    :
    :

---

*Table of Contents*

I. Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      A.    SSBR Is Best-Qualified To Serve As Interim Lead Counsel . . . . . . . . . . . . . . . . 4

      B.    Gidaro's Status As A Current Employee Renders
           Her Better Equipped To Serve As Lead Plaintiff . . . . . . . . . . . . . . . . . . . . . . . . 8

      C.    Gidaro's Financial Losses Make Her The Best Lead Plaintiff . . . . . . . . . . . . . . . 9

III. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Plaintiff Mary Gidaro, by her counsel, respectfully submits this memorandum in opposition to the motions of (1) Keller Rohrback and Cohen Milstein Hausfeld & Toll, counsel in the Esposito case, and (2) Stull Stull & Brody, counsel in the Yashgur case, for appointment of lead counsel. For the reasons set forth below, those motions should be denied, and Shalov Stone Bonner & Rocco LLP should be appointed Interim Lead Counsel for plaintiffs in a consolidated Merrill Lynch ERISA litigation.

<em>PRELIMINARY STATEMENT</em>

Presently pending before the Court are three motions to consolidate eight cases. No one opposes consolidation, as far as we are aware. Each such motion is accompanied by a request that the movant's counsel be appointed lead counsel or interim lead counsel for the consolidated action pursuant to Rule 23(g), Fed. R. Civ. P. For the reasons set forth below, the undersigned counsel should be appointed interim lead counsel.

First, Shalov Stone Bonner & Rocco LLP ("SSBR") is amply qualified to serve as lead counsel. Although it has been suggested that this firm is not sufficiently qualified, there is no basis for this assertion. As our opening brief in support of the appointment of SSBR pointed out, the firm has specialized in ERISA breach of fiduciary duty actions. In 2007, the firm concluded litigations as lead counsel for classes in *In re Ferro Corp. ERISA Litigation* (N.D. Ohio) and *In re Comerica ERISA Litigation* (E.D. Mich.), and the firm has participated in several other cases. In the *Ferro ERISA* case, the firm recovered $4 million, in a challenging case in which the related securities and derivative cases litigated by other firms were dismissed. In the *Comerica ERISA* action, the firm litigated to the conclusion of discovery, and obtained a substantial recovery only after objecting to a securities class action settlement that obtained no additional benefit for

-1-

ERISA plan participants. The judge in that case noted that SSBR was "particularly qualified" to handle the matter.

Beyond ERISA, SSBR is a leading firm with an outstanding track record in a variety of class action contexts. SSBR has also done the most work in this case, inter alia, to try to efficiently consolidate the matter. As we show below, and as the Advisory Committee Notes to Rule 23 make clear, the Court should not be overly persuaded by the length of a firm's resume.

Leaving to one side the qualifications of SSBR, it is noteworthy that the other applicants also may suffer from defects which might impair their ability to serve as lead counsel in this case.

First, all of the other firms represent former Merrill Lynch employees, while plaintiff Gidaro is a current employee. As a result, there is a high risk that some or all of the plaintiffs represented by the other firms are subject to a unique defense that they lack standing as former participants in Merrill Lynch's retirement plans. Because many of the plaintiffs do not make clear what their status is, we do not know whether they are subject to this defense. Plaintiff Gidaro has no such issue.

Second, plaintiff Gidaro likely has the largest financial interest in the litigation. As a twenty-year veteran of the firm, her investment in Merrill Lynch stock exceeded $200,000 before the dramatic declines giving rise to these lawsuits. If any guidance is to be taken from the securities class action jurisprudence, it is that lead plaintiffs in class actions should be among those most vested in the outcome of the litigation, rather than individuals with relatively small losses. In this case, the disparity in financial interest is likely to be great, and this should not be discounted by the Court.

-2-

Third, plaintiff Gidaro has retained New York counsel for this New York case, minimizing travel-related expenses and facilitating ease of access to the Court as needed.

Fourth, SSBR proposes to act as a sole lead counsel for the ERISA class, minimizing the duplication of effort frequently associated with co-lead and sometimes unwieldy plaintiffs' counsel structures.

For all of the foregoing reasons, and those set forth below, we respectfully submit that Gidaro and her counsel should be appointed lead plaintiff and interim lead counsel, respectively.

*ARGUMENT*

Rule 23(g) directs consideration of the following factors when ruling on a motion for appointment of interim class counsel:

- the work counsel has done in identifying or investigating potential claims in the action;

- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;

- counsel's knowledge of the applicable law; and

- the resources counsel will commit to representing the class.

An examination of these factors shows that SSB&R would capably represent the interests of the Plan and the members of the proposed class.

All the applicants are qualified. Pursuant to Rule 23(g)(2)(B), if more than one applicant seeks appointment as class counsel, the court appoints the applicant best able to represent the interests of the class. *See also Manual for Complex Litigation (4th)*, Section 21.272 ("The lawyer best able to represent the class's interests may emerge from an examination of the factors

-3-

listed in rule 23(g)(1)(C), as well as other factors, such as those delineated above.")  The Manual

also states that the "other matters" that the court may consider under 23(g)(1)(C)(ii) "may include

the ability to coordinate the litigation with other state and federal class and individual actions

involving the same subject matter." Section 21.271 (emphasis added).

The Advisory Committee Notes to the 2003 Amendment also state: "In evaluating

prospective class counsel, the court should weigh all pertinent factors. No single factor should

necessarily be determinative in a given case. For example, the resources counsel will commit to

the case must be appropriate to its needs, *but the court should be careful not to limit*

*consideration to lawyers with the greatest resources*."  (Emphasis added.)

As we show below, SSBR should be appointed Interim Lead Counsel in the consolidated

action.

A.    *SSBR Is Best-Qualified To Serve As Interim Lead Counsel*

As we have already shown, SSBR is a leading firm of lawyers specializing in class

actions.  The Esposito plaintiffs, whose counsel know SSBR extremely well[1] contend that SSBR

lacks the qualification to serve as a lead counsel in this case.  SSBR has recovered hundreds of

millions of dollars in a variety of class action contexts, including several million dollars in

various ERISA class actions such as this.

---

[1] One of Esposito's counsel, the Cohen Milstein firm, has served as Co-Lead Counsel
with SSBR in numerous cases.  Cohen Milstein even called upon SSBR to assist at a securities
class action trial in 2005 before Judge Castel, and looked to us to conduct, among other things,
the cross examination of the Chief Financial Officer of the issuer involved in a case alleging
financial fraud.  That cross-examination was described as "masterful" by Cohen Milstein in a
write-up it prepared for the August 12, 2005 edition of *The Class Act*, a securities class action
trade publication.

In June 2007, in approving a $2.1 million settlement of the *Comerica ERISA Litigation* (E.D. Mich, C.A. No. 4:05-CV-70438(MOB)), United States District Judge Battani of the Eastern District of Michigan commented that SSBR was "particularly qualified" to handle this type of litigation. The firm also recently completed a $4 million settlement of the *In re Ferro Corp. ERISA Litigation* (N.D. Ohio), in which all of the companion cases were dismissed and all of the other classes recovered nothing. In the *Ferro ERISA Litigation*, in contrast, we successfully defeated every single argument raised by the defendants in a "kitchen sink" omnibus motion to dismiss. *See In re Ferro Corp. ERISA Litigation*, 422 F. Supp. 2d 850 (N.D. Ohio 2006). Contrary to the suggestion of competing counsel, SSBR has plenty of relevant experience.

SSBR can boast many exceptional achievements, including, in the past three years, the recently concluded *Lernout & Hauspie Speech products NV Securities Litigation* (D. Mass.), in which as co-lead counsel it recovered in excess of $180 million in an action involving a defunct foreign company, and in which most defendants were effectively judgment-proof; as sole counsel, the first-ever class certification in an action against a foreign sovereign, in *Urban GmbH v. Republic of Argentina*, pending before Judge Griesa; and what is believed to be the first settlement in this District seeking liability against a third-party by alleging cutting-edge "scheme liability" in *In re Winstar Securities Litigation*, before Judge Daniels (a $12 million recovery from Lucent Inc.) SSBR also represents the State of New Jersey pension funds in certain high-profile private litigation, works with the SEC as a receiver and fund fiduciary in a variety of disgorgement proceedings, and it regularly represents financial institutions and public and private companies on an hourly basis in state and federal courts and before arbitral tribunals. Going further back than the past three years, the firm has also served as lead counsel in some of the

most innovate cases involving financial frauds, including a unique class action settlement

involving market manipulation claims involving a penny stock broker in *Varljen v. H.J. Meyers,*

*Inc.,* before Judge Cote, and a recovery of approximately 98% of losses in a mutual fund breach

of fiduciary duty/financial fraud case in *In re Dreyfus Aggressive Growth Fund Litigation*, before

Judge Baer. Like many other competitors here, our resume also boasts numerous multimillion

dollar recoveries.

Thus, in addition to SSBR's undisputed high qualifications in the handling of class

actions and complex litigation, the firm also enjoys substantial experience in precisely the type of

case presented here.

We do not dispute the qualifications of any of the competing applicants, but the mere fact

that one firm has a more extensive resume or more lawyers should not lead the Court to any

conclusion about whether they in fact are best suited to serve as lead counsel in this case. *See*

Advisory Committee notes to Rule 23(g), providing that "the court should be careful not to limit

consideration to lawyers with the greatest resources." Indeed, the Keller Rohrback/Cohen

Milstein team proposes to staff the case with four out-of-state partners, and one local liaison

partner. Again, no one disputes the talent of these lawyers (although we believe we match them

in talent), but the notion that these lawyers must be selected because their impressive resume

makes them "the best" is simply false.

Indeed, in examining all of the factors, the one firm that stands out in this case is SSBR.

It ostensibly filed the first case.[2] It was the only firm to properly comply with Local Rule 1.6(a)

---

[2] We note that although the *Estey* case has a lower docket number and apparently was
filed shortly before the *Gidaro* case (but on the same morning), Estey's counsel appears not to be
pursuing a lead counsel position. This may be because the plaintiff in the *Estey* case is
conflicted.

by relating the case to the Merrill Lynch securities litigation pending before this Court, in an

effort to avoid burdening the court with the inefficiency of multiple related cases in front of

multiple judges and the concomitant delay of the case.  It made the first motion to consolidate,

while others have unnecessarily made duplicative motions, and few appear to have made any

effort to swiftly move their cases over to the proper judge.  It is the only firm to represent a

current employee who can necessarily avoid unique defenses relating to standing.

The Keller Rohrback/Cohen Milstein team highlights its extensive brief bank and other

experience, such as contacts with experts.  Particularly since virtually every brief in any case is

available on PACER as well as WESTLAW, and since all of the leading plaintiffs' firms enjoy

numerous relationships with leading experts, and predominantly good relationships among each

other, these sorts of "qualifications" do not favor any firm competing here.

Likewise, SSBR has dealt with the major defense law firms throughout the country in

countless cases, including plenty of cases against the Skadden and Gibson Dunn firms.  We

believe we enjoy good relations with and the respect of the leading lawyers in our industry.

Indeed, plaintiff Gidaro was referred to SSBR unsolicited by opposing counsel in a recently

concluded class action.[3]

It is also notable that SSBR was the first on file, and thus was among the first to identify,

investigate and plead the claims.

_____

[3] In contrast with the manner in which SSBR became involved in this litigation, it appears that the Keller Rohrback plaintiffs are the result of an Internet-based press release from the Keller Rohrback firm "announcing" its "investigation" of the ERISA claims.  That press release (attached hereto as Exhibit 1) was obviously intended to generate clients, yet it contained none of the disclosures required for such advertising under New York law.  *See* 22 N.Y.C.R.R. §1200.6 (requiring "Attorney Advertising" label and various related disclosures.)

Lastly, there is no dispute that SSBR enjoys the resources to litigate this matter at the highest level, which is what we intend to do. The Keller Rohrback/Cohen Milstein team emphasizes their combined 120 lawyers and four solicitors, and conclusorily assert that this means they have the most resources or are the "best" able to handle the case. While we do not dispute that these firms have plenty of resources, plenty of larger firms have folded, and in any event the Advisory Committee Notes caution against being swayed by who has "most," which simply is not the test.

In short, SSBR is well-qualified to handle this case. We are not the narrowest of specialists, we are a well-rounded firm, and we draw on experiences in ERISA cases as well as in many other contexts. Because of this experience, the factor asking the Court to examine "counsel's experience in handling class actions, other complex litigation, *and* claims of the type asserted in the action" weighs in favor of SSBR. In addition, SSBR's knowledge of the law, resources and ability to handle the case cannot credibly be in dispute.

B.    *Gidaro's Status As A Current Employee Renders Her Better Equipped to Serve As Lead Plaintiff*

Rule 23(g) and prudence suggest that the Court make some inquiry into who the plaintiffs are, whether they have standing, and what stake if any they have in the case.

Plaintiff Gidaro is unique among the plaintiffs. She is the only current employee, and thus she is the least likely to be a former participant in Merrill's retirement plans. This matters because there is a substantial question concerning the standing of former participants in a company's retirement plans to assert ERISA claims. *See Dickerson v. Feldman*, 426 F. Supp. 2d

130, 135-36 (S.D.N.Y. 2006) (non-participants lack standing).[4]  Although we believe that such

people do have standing, the caselaw currently raises a substantial and unique defense that

undermines the ability of some plaintiffs to bring the claims asserted in these cases.  *See In re*

*Royal Ahold NV Securities and ERISA Litigation*, 219 F.R.D. 343, 353-54 (D. Md. 2003) (unique

defenses undermine adequacy of plaintiff for class certification and thus undermine ability to

serve as a lead plaintiff).  Since it would not be proper for counsel to vie for lead counsel based

on a plaintiff who may lack standing, it is appropriate for the Court to consider this issue now.

C.    *Gidaro's Financial Losses Make Her The Best Lead Plaintiff*

In addition to being the only current employee, plaintiff Gidaro is also very heavily

invested in the affected plans, having been employed at the firm for more than 20 years.  In this

regard, we note also that, in securities litigation, the presumption is that the plaintiff with the

largest loss should be the lead plaintiff and her counsel should be appointed lead counsel.[5]  As of

June 30, 2007, Ms. Gidaro held 2,140.4729 shares of Merrill Lynch stock in the plans.  On June

30, 2007, these shares were worth $178,900.73.  On December 28, 2007, these shares were worth

$113,380.85 (using the closing price that day).  Used solely for estimating purposes (and not to

reflect actual damages, to be calculated later) and to give the Court an idea of the magnitude of

her position, and thus her interest in the case, these figures suggest that in the period from the end

---

[4]  Not all courts agree with the holding in the *Feldman* case, and nor do the undersigned
counsel, but this issue has not yet been decided in this Circuit and remains a viable defense
against former participants of which the Court should be aware before selecting interim counsel
whose clients may in fact lack standing.

[5]  In determining the "most adequate plaintiff," the Private Securities Litigation Reform
Act of 1995 establishes a rebuttable presumption that the plaintiff with the largest financial
interest in the relief sought by the class and who otherwise satisfies Rule 23 of the Federal Rules
of Civil Procedure should be appointed lead plaintiff, and her counsel should be appointed lead
counsel.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

of June to December 28, Ms. Gidaro has seen her Merrill Lynch shares lose $65,519.88 in value.

Using the year's high of $97.53 per share (the reported closing price on January 24, 2007), the

loss is $95,379.47.  In other words, plaintiff Gidaro, whose retirement account with Merrill

represents her retirement savings for practically her entire career, has seen the value of her

Merrill shares nearly cut in half.  Many of the other plaintiffs enjoyed far shorter stays at Merrill

Lynch and presumably have much less at stake.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant her

motion for consolidation and appointment of SSBR as interim counsel for the class.

Dated: December 31, 2007                Respectfully submitted,

                                        SHALOV STONE BONNER & ROCCO LLP

                                        By: /s/ Ralph M. Stone
                                            Ralph M. Stone (rstone@lawssb.com)
                                            Susan M. Davies (sdavies@lawssb.com)
                                            Thomas G. Ciarlone (tciarlone@lawssb.com)
                                            Amanda C. Scuder (ascuder@lawssb.com)

                                        485 Seventh Avenue, Suite 1000
                                        New York, NY 10018
                                        Telephone: (212) 239-4340
                                        Facsimile: (212) 239-4310

                                        *Attorneys for the Plaintiff and Proposed Interim
                                        Counsel for the Class*

Ronen Sarraf (ronen@sarrafgentile.com)
SARRAF GENTILE LLP
11 Hanover Square
New York, NY 10005
Telephone: (212) 868-3610
Facsimile: (212) 918-7967

*Attorneys for the Plaintiff*

Exhibit 1

news_story
Keller Rohrback L.L.P. Announces ERISA Investigation of the
2007-11-07 19:42 (New York)

Merrill Lynch & Co., Inc. 401(k) Savings and Investment Plan


    SEATTLE, Nov. 7 /PRNewswire/ -- Keller Rohrback L.L.P.
(http://www.erisafraud.com) announces that it has commenced an investigation
against Merrill Lynch & Co., Inc. ("Merrill Lynch" or the "Company")
(NYSE: MER) for potential violations of the Employee Retirement Income
Security Act of 1974 ("ERISA").  The investigation focuses on investments in
Merrill Lynch stock by the Merrill Lynch & Co., Inc. 401(k) Savings and
Investment Plan (the "Plan").

    Keller Rohrback's investigation involves concerns that Merrill Lynch and
other administrators of the Plan may have breached their ERISA-mandated
fiduciary duties of loyalty and prudence to participants and beneficiaries of
the Plan.  A breach may have occurred if the fiduciaries failed to manage the
assets of the Plan prudently and loyally by investing the assets in Company
stock when it was no longer a prudent investment for participants' retirement
savings.

    If you are a member of the Merrill Lynch & Co., Inc. 401(k) Savings and
Investment Plan and purchased Merrill Lynch stock in the Plan, you may contact
paralegal Jennifer Tuato'o or attorneys Tyler Farmer, Derek Loeser or Lynn
Sarko toll free at 800/776-6044, or via e-mail at investor@kellerrohrback.com.


    Keller Rohrback is one of America's leading law firms handling ERISA
retirement plan litigation.  We are committed to helping employees and
retirees protect their retirement savings.  Keller Rohrback serves as lead and
co-lead counsel in numerous ERISA class action cases, including cases against
Enron, WorldCom, Inc., HealthSouth, and Marsh & McLennan Companies, as well as
ERISA cash balance pension plan cases, including JPMorgan Chase & Co.  Keller
Rohrback has successfully provided class action representation for over a
decade. Its trial lawyers have obtained judgments and settlements on behalf of
clients in excess of seven billion dollars.


    CONTACT:
    Keller Rohrback L.L.P.
    Jennifer Tuato'o
    Paralegal
    800/776-6044
    investor@kellerrohrback.com
    http://www.erisafraud.com


SOURCE  Keller Rohrback L.L.P.


CONTACT:
Jennifer Tuato'o, Paralegal, of Keller Rohrback L.L.P., 1-800-776-6044,
investor@kellerrohrback.com
-0- Nov/08/2007  0:42 GMT
⌂